UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUSAN SCOTT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3: 05-CV-1953-B |
| | § | ECF |
| CSC CREDIT SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

This case comes to the Court for review following the Court's Order of November 17, 2005. After review of the pleadings and for the reasons discussed herein, the Court **DISMISSES** Plaintiff's claims against Defendant with prejudice.

### I. BACKGROUND

Plaintiff Susan Scott filed this action in Texas state court on August 31, 2005, seeking $40 million in damages for an alleged violation of 18 U.S.C. § 2071(a). Defendant CSC Credit Services, Inc. removed the case to this Court on October 3, 2005 on the basis of federal question jurisdiction. After review of the pleadings, the Court had serious concerns regarding the legal basis for Plaintiff's claims and the possibility that they were frivolous. Further, Plaintiff had refused to cooperate in the filing of a court ordered joint status report. Therefore, the Court set a hearing for November 16, 2005 and required Plaintiff to present legal authority and argument regarding whether her state court Petition stated a non-frivolous cause of action against Defendant and to explain why she failed to cooperate in filing a joint status report. (doc. 9) The Order setting the hearing warned Plaintiff that

failure to comply could result in dismissal of her case. (*Id.*)

On November 16, 2005, counsel for Defendant was present at the hearing; however, Plaintiff did not appear. The Court then issued an Order dismissing Plaintiff's case without prejudice, but giving her thirty days to show cause why her case should not be dismissed. (doc. 11) The Court warned that failure to do so would result in dismissal of Plaintiff's case with prejudice. (*Id.*) To date, Plaintiff has not attempted to demonstrate why her claims are not frivolous.

## II. ANALYSIS

The Court has received only one document from Plaintiff since this suit was removed. On October 7, 2005, Plaintiff filed a document entitled "Disqualification of Judges" that appears to be an excerpt of a treatise discussing judicial disqualification. (doc. 5) It does not, however, make any particularized showing that this Court is biased or prejudiced in this case, and to the extent Plaintiff seeks disqualification of the Honorable Jane J. Boyle, her request is **DENIED**.

As noted in this Court's November 17, 2005 Order, Plaintiff's allegations in her state court Petition do not state a claim for relief, because 18 U.S.C. § 2071(a) is a criminal statute that does not create a civil cause of action. *See Dugar v. Coughlin*, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985). Further, the statute criminalizes destroying government documents, while Plaintiff's allegations against Defendant, although unclear, appear to involve a dispute over a credit account. Thus, the Court finds that Plaintiff's state court Petition does not state a claim against Defendant, and Plaintiff has not attempted to show that it does, despite being given multiple opportunities. Further, Plaintiff has offered no explanation for her failure to comply with the Court's order to file a joint status report. Therefore, the Court **DISMISSES** Plaintiff's claims against Defendant with prejudice.

### III.  CONCLUSION

Because the Court finds that Plaintiff has not stated a non-frivolous cause of action against Defendant and because Plaintiff has refused to explain her failure to cooperate in filing a joint status report and has refused to respond to any Court order, the Court **DISMISSES** Plaintiff's claims against Defendant with prejudice.

**SO ORDERED.**

SIGNED December  19th , 2005

*[signature]*

**JANE J. BOYLE
UNITED STATES DISTRICT JUDGE**